# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JENNIE NELSON and SARAH KEAN,

Plaintiffs,

v.

PETRO GATE, INC., a Florida Profit Corporation, and BEHNAM BAGHERI, individually,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JENNIE NELSON ("Nelson"), and SARAH KEAN ("Kean") (hereinafter collectively "Plaintiffs"), file this Complaint against Defendants, PETRO GATE, INC. ("Petro Gate"); and BEHNAM BAGHERI, Individually ("Bagheri") (collectively, "Defendants"), and state as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, reasonable attorney's fees and costs, and to obtain declaratory relief.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiffs' claims occurred in Collier County, Florida, located within the Middle District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff Nelson was a resident of Collier County, Florida.

5. At all times material hereto, Plaintiff Kean was a resident of Collier County, Florida.

6. At all times material hereto, Defendant Petro was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Collier County, Florida.

7. Upon information and belief, at all times material hereto, Defendant Bagheri was an individual resident of the State of Texas.

8. At all times material hereto, Defendant Bagheri was an "employer" as defined by 29 U.S.C. § 201, et seq.

9. At all times material hereto, Defendant Bagheri was the President of Petro Gate and owned and operated Petro Gate.

10. At all times material hereto, Defendant Bagheri had the authority to hire and fire employees of Petro Gate.

11. At all times material hereto, Defendant Bagheri regularly determined the rates of pay for the employees of Petro Gate.

12. At all times material hereto, Defendant Bagheri regularly determined the work schedules for the employees of Petro Gate.

13. At all times material hereto, Defendant Bagheri controlled the finances and operations of Petro Gate.

14. At all times material hereto, Plaintiff Nelson was an "employee" of Petro Gate within the meaning of the FLSA.

15. At all times material hereto, Plaintiff Nelson was an "employee" of Bagheri within the meaning of the FLSA.

16. At all times material hereto, Plaintiff Kean was an "employee" of Petro Gate within the meaning of the FLSA.

17. At all times material hereto, Plaintiff Kean was an "employee" of Bagheri within the meaning of the FLSA.

18. At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

19. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, and cash registers, which were used directly in furtherance of Defendants' commercial activity of operating a gas station and convenience store.

22. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. Defendants operate a "Shell" gas station and convenience store.

24. Plaintiff Nelson worked for Defendants from approximately February 2015 through December 2018 as a cashier.

3

25. Plaintiff Kean worked for Defendants from approximately July 2017 through January 2018.

26. Plaintiff Kean worked for Defendants once again from approximately June 2018 through December 2018.

27. Plaintiffs' duties included operating the cash register, stocking shelves, and maintaining cleanliness of the store.

28. Plaintiffs maintained the same duties throughout the duration of their employment.

29. In most, if not all work weeks, Plaintiffs worked for Defendants in excess of forty (40) hours.

30. However, Defendants failed to compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for all of the hours that they worked in excess of forty (40) hours in a given work week.

31. Instead, Defendant compensated Plaintiffs at their regular hourly rate—or straight time—for all of the hours that they worked each week, including the hours that they worked over forty (40) each week.

32. Specifically, Defendants compensated Plaintiffs on a bi-weekly basis through a payroll check issued by TriNet—a payroll services company.

33. Despite of the fact that Plaintiffs worked more than forty (40) hours in most, if not all, work weeks, Plaintiffs' payroll checks as issued by TriNet always stated that Plaintiffs had only worked 80 hours for the bi-weekly pay period.

34. The paychecks that Plaintiffs were issued by TriNet never had any overtime hours documented and/or recorded on the paystubs.

35. The paychecks that Plaintiffs were issued by TriNet never had any overtime pay

issued to Plaintiffs.

36.     Instead of properly reporting all of Plaintiffs' hours worked to TriNet, Defendants paid Plaintiffs at their regular hourly rate for the hours that they worked over forty (40) each week through a separate check issued by Petro Gate, Inc.

37.     Plaintiffs should have been, and should be, compensated at a rate of one and one-half times their regular rate of pay for those hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiffs.

38.     Additionally, Defendants withheld Plaintiff Kean's final paycheck.

39.     As a result of Defendants withholding of Plaintiff Kean's final paycheck, Plaintiff Kean has not received proper minimum wages in accordance with the FLSA.

40.     Defendants have violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

   a.   Plaintiffs worked in excess of forty (40) hours per week during their period of employment with Defendants;

   b.   No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours that they worked in excess of forty (40) hours per work week as provided by the FLSA;

   c.   Defendants failed to pay Plaintiff Kean at least minimum wage in one or more work weeks in violation of the FLSA;

   d.   Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## <u>OVERTIME COMPENSATION</u>

41. Plaintiffs reallege and reincorporate paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiffs worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendants.

43. Plaintiffs were not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours that they worked in excess of forty (40) hours each workweek.

44. Plaintiffs are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours each work week.

45. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

46. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours that they worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

47. Defendants have failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 (MINIMUM WAGE)
## WITH REGARD TO PLAINTIFF KEAN

50. Plaintiff Kean realleges and reincorporates paragraphs 1 through 28 and 38 through 40 as if fully set forth herein.

51. Plaintiff Kean is entitled to be paid minimum wage for all weeks worked during her employment with Defendants.

52. Defendants failed to pay Plaintiff Kean minimum wage in one or more work weeks.

53. Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff Kean, but still withheld Plaintiff Kean's final paycheck.

54. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff Kean suffered and continues to suffer damages and lost compensation for unpaid minimum wages, plus liquidated damages.

55. Plaintiff Kean is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

a. An Order granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs the full amount of damages and liquidated damages available by law;

b. Overtime compensation for all hours worked over forty in a work week at the applicable time and one-half rate;

c. All unpaid minimum wages at the Florida mandated minimum wage rate;

d. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e. Awarding Plaintiffs pre-judgment and/or post-judgment interest;

f. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

g. Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: April 24, 2019.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email: cventura@forthepeople.com
***Attorney for Plaintiff***