UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JENNIE NELSON AND SARAH KEAN,<br><br>Plaintiffs,<br><br>v.<br><br>PETRO GATE, INC. and<br>BEHNAM BAGHERI,<br><br>Defendants. | Case No.:   2:19-cv-272-FtM-99MRM |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The parties, by counsel, jointly move for the Court's review and approval of their written Settlement Agreement and Release (attached hereto as Exhibit A). The Complaint in this matter contains claims arising under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages on behalf both of the Plaintiffs, and for unpaid minimum wages on behalf of Plaintiff Sarah Kean ("Kean"). The settlement represents full relief for Plaintiff Jennie Nelson ("Nelson"), and almost full relief for Kean. The parties jointly request that the Court approve their Settlement Agreement and Release because:

1.   This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.*, at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court

may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* Under this authority, before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects "a reasonable compromise over issues ... that are actually in dispute," the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

2. Although formal discovery was not served by the parties in this case, Petro Gate, Inc. voluntarily provided Plaintiffs with access to their time records, and all checks representing payment to them for work performed.

3. There is a *bona fide* dispute in this matter. The Plaintiffs alleged that they were paid through a payroll company for all work performed up to forty (40) hours per week, and they were provided a separate check compensating them at a straight time rate for all hours over forty (40) in certain work weeks. Petro Gate disputes that the additional compensation paid to Plaintiffs was pay for hours worked at a straight time rate and has evidence that Plaintiffs may not have worked all hours for which they are claiming overtime pay. Additionally, Ms. Kean alleges that she worked additional hours in her final week of work for which she was never paid, an allegation that Petro Gate disputes. Thus, continued litigation presents risk to both parties.

4. The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiffs and Petro Gate continue to disagree over the merits of the claims asserted by Plaintiffs. If the parties continue to litigate this matter, they would be forced to engage in additional costly discovery, motion practice, and possibly a trial in

order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

5. The parties, who are represented by counsel experienced in employment litigation, recognize the benefit of a settlement rather than protracted litigation.

6. The Settlement Agreement contains a payment of a total of $4,079.79 to Ms. Nelson, with $2,039.89 being allocated to compensate her for alleged back wages, and an additional amount of $2,039.89 to compensate her for alleged liquidated damages, which represents full relief to Ms. Nelson on her overtime claim. The Settlement Agreement also contains a payment to Ms. Kean in the total amount of $1,357.60, with $803.80 to compensate her for alleged back wages, and an additional amount of $553.80 to compensate her for alleged liquidated damages. The amount paid to Ms. Kean includes an additional payment of $250.00 in back wages to compensate her for the hours worked that she claims she was never received in her final paycheck.

7. In addition to the payment to Plaintiffs outlined above, the Defendants will also pay $3,500 to Plaintiffs' counsel to compensate for attorneys' fees and costs. The undersigned counsel aver that the amount of attorneys' fees was negotiated apart from, and subsequent to, agreement on the amount of settlement funds to be paid to Plaintiffs. The amount of attorneys' fees set forth in the Settlement Agreement will fully satisfy Plaintiffs' attorneys' fees obligations.

8. The Settlement Agreement was negotiated by experienced counsel at arm's length over the course of several months and after engaging in discovery. The parties agree that it fairly and adequately resolves the claims in this matter. The parties

further agree that there was no undue influence, overreaching, collusion or intimidation in connection with the settlement.

## **MEMORANDUM OF LAW**

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores,*

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible

discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the parties jointly submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendants to evaluate the parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiffs' claims as set forth in their Agreement. After exchanging information and records from Plaintiffs' employment and engaging in settlement negotiations which lasted over the course of numerous months, and in order to avoid the uncertainties of and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiffs receiving a recovery acceptable to them in light of the potential issues arising from the issue of proving the number of hours they worked. The Plaintiffs has been advised that if they proceed in this matter, they may prove all of the damages to which they claim entitlement, and also receive an equal amount in liquidated damages, or a jury may choose to credit the employer's position, and they may receive a lesser, or no, recovery. In light of this uncertainty, as well as the possibility of protracted litigation, Plaintiffs have agreed that the sum they are receiving in this settlement constitutes a reasonable an informed compromise of their claims.

Accordingly, the parties stipulate that this Agreement is fair and reasonable, particularly where, as here, attorneys' fees and costs are not a percentage of

Plaintiffs' recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiffs and the amount of attorneys' fees and costs being paid by Defendants on the Plaintiffs' behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, the Plaintiffs' attorneys' fees and costs were claimed by Plaintiffs and their counsel separate and apart from the amounts sought by Plaintiffs for their underlying claims and were negotiated independently. *See Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GKJ, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009)

The compromise agreed upon by the parties resolves all of Plaintiffs' claims for attorneys' fees and Plaintiffs have no responsibility to their counsel for any out of pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiffs was represented by competent counsel with experience in labor and employment law and Defendants were also represented by experienced counsel. The parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement.

WHEREFORE, the parties jointly request that the Court approve the Settlement Agreement and Release. Pursuant to the Parties' agreement, they will submit a separate stipulation of dismissal following the receipt of the final payment in this matter.

Respectfully submitted,

*s/ Chanelle J. Ventura*
Chanelle J. Ventura, Esq.
Trial Counsel
Florida Bar No. 1002876
E-Mail: CVentura@ForThePeople.com
Morgan & Morgan., P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL
Telephone: (954) 318-0268
Facsimile: (954) 333-3515

Counsel for Plaintiffs

*s/ Amy L. Garrard*
Amy L. Garrard, Esq.
Trial Counsel
Florida Bar No. 0908711
E-Mail: agarrard@agemploymentlaw.com
AG EMPLOYMENT LAW, PLLC
1000 Tamiami Trail N., Suite 301
Naples, FL 34102
Telephone: (239) 241-7730
Facsimile: (239) 241-7729

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF system to Attorney Chanelle J. Ventura, Esq., Morgan & Morgan, P.A., 8151 Peters Road, 4th Floor, Plantation, Florida  33324 at cventura@forthepeople.com, on this 14th day of August, 2019.

                 *s/ Amy L. Garrard*