UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIE NELSON and SARAH KEAN,

    Plaintiffs,

v.                                        Case No.:   2:19-cv-272-FtM-38MRM

PETRO GATE, INC. and BEHNAM
BAGHERI,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

The parties filed a Joint Motion for Approval of Settlement Agreement on August 14, 2019. (Doc. 22). Plaintiffs, Sarah Kean and Jennie Nelson, and Defendants, Petro Gate, Inc. and Behnam Bagheri, jointly request that the Court approve the terms of their proposed settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case. The proposed Settlement Agreement is fully executed and attached as Exhibit A to the parties' motion. (Doc. 22-1). After a careful review of the parties' submissions and the court file, the Undersigned respectfully recommends that the presiding United States District Judge **DENY** the parties' motion and reject the proposed settlement without prejudice.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided for convenience. Hyperlinks to documents in CM/ECF are subject to PACER fees. The Court does not endorse, recommend, approve, or guarantee any third parties, services, or products associated with hyperlinked websites. The Court has no agreement with any of these third parties. The Court accepts no responsibility for the availability or functionality of any hyperlink. The failure of any hyperlink does not affect the Court's order, opinion, or report and recommendation.

**LEGAL STANDARD**

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court to determine whether the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Undersigned evaluates this case and the parties' proposed settlement against this backdrop.

**CLAIMS AND DEFENSES**

In the motion *sub judice*, the parties succinctly explain that this case involves a bona fide dispute under the FLSA because:

> The Plaintiffs alleged that they were paid through a payroll company for all work performed up to forty (40) hours per week, and they were provided a separate check compensating them at a straight time rate for all hours over forty (40) in certain work weeks. Petro Gate disputes that the additional compensation paid to Plaintiffs was pay for hours worked at a straight time rate and has evidence that Plaintiffs may not have worked all hours for which they are claiming overtime pay. Additionally, Ms. Kean alleges that she worked additional hours in her final week of work for which she was never paid, an allegation that Petro Gate disputes.

(Doc. 22 at 2). The parties' explanation of the Plaintiffs' claims is consistent with the allegations in the Complaint. (*See* Doc. 1). The parties settled this matter before the Defendant filed an Answer, before the Court entered the standard FLSA Scheduling Order, and before Plaintiffs were required to respond to court interrogatories concerning the bases for their claims. (*See* Docs. 18, 19). Nevertheless, for the reasons advanced in the parties' motion, it is clear that the parties have a bona fide dispute in this case for which they reached a relatively early resolution and settlement. The question is, therefore, whether the specific terms of the proposed settlement are fair and reasonable. In that regard, the Undersigned addresses the monetary terms and the attorney's fees separately below.

**ANALYSIS OF THE PROPOSED SETTLEMENT**

*Monetary Terms*

Under the proposed Settlement Agreement, Plaintiff Nelson will receive a total settlement payment in the amount of $4,079.79, comprised of $2,039.89 in alleged back wages and an equal amount of $2,039.89 in liquidated damages. (Doc. 22 at 3; Doc. 22-1 at 2). The parties assert that this payment "represents full relief to Ms. Nelson on her overtime claim." (Doc. 22 at 3).

3

The Undersigned accepts the parties' and counsel's explanation that this payment represents full relief to Plaintiff Nelson on her overtime claim under the FLSA.  The Undersigned finds, therefore, that the monetary terms of the proposed settlement relating to Plaintiff Nelson are fair and reasonable.

Also under the proposed Settlement Agreement, Plaintiff Kean will receive a total settlement in the amount of $1,357.60, comprised of $803.80 in alleged back wages and a lesser amount of $553.80 for her alleged liquidated damages.  (Doc. 22 at 3; Doc. 22-1 at 2).  The Undersigned finds that the discrepancy between the amount of back wages and the amount of liquidated damages to be paid to Plaintiff Kean is facially problematic and warrants rejecting the proposed settlement at this time without more information.

Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  (Emphasis added).  A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA.  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).  Thus, when a settlement occurs in a FLSA case, the Court must review the amount of unpaid wages paid and the amount of liquidated damages paid, if any, for reasonableness and fairness.  If liquidated damages are not included, then the Court must be informed of and review the proffered reasons why.

The parties do not explain why the amount of liquidated damages to be paid to Plaintiff Kean is not equal to the amount of back wages she will receive.  The parties do state that the payment of back wages to Plaintiff Kean includes an additional $250.00 in back wages "to compensate [Plaintiff Kean] for the hours worked that she claims she was never [sic] received in her final paycheck."  (Doc. 22 at 3).  But this statement alone is insufficient to explain why the amount of liquidated damages Plaintiff Kean receives should be less than equal to the amount of back wages she receives when 29 U.S.C. § 216(b) expressly provides for such liquidated damages.  Indeed, Plaintiff Kean's final paycheck is the subject to Count II of the Complaint, which alleges a minimum-wage violation under 29 U.S.C. § 206 because "Defendants had specific knowledge that it [sic] was paying sub-minimum wages to Plaintiff Kean, but still withheld Plaintiff Kean's final paycheck."  (Doc. 1 at ¶ 53; *see also id.* at ¶¶ 38-39).  In that count, moreover, Plaintiff Kean expressly demands damages for "lost compensation for unpaid minimum wages, *plus liquidated damages*."  (*Id.* at ¶ 54 (emphasis added)).  This demand appears to be consistent with 29 U.S.C. § 216(b), which expressly provides for the recovery of liquidated damages for minimum-wage violations under 29 U.S.C. § 206.  Despite this, the proposed settlement does not appear to contemplate Plaintiff Kean's full recovery of liquidated damages for unpaid overtime compensation *and* unpaid minimum wages, and the parties fail to explain why that should be.  This failure prevents the Court from finding that the monetary terms of the proposed settlement are fair and reasonable as they relate to Plaintiff Kean.  And because the proposed settlement is global – including all named Plaintiffs and Defendants – this defect as to Plaintiff Kean precludes approval of the settlement as to Plaintiff Nelson as well.

For the reasons above, the Undersigned finds that the parties' proposed settlement cannot be approved at this time.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendant pay Plaintiff's attorney's fees and costs in the amount of $3,500. (Doc. 22 at 3; Doc. 22-1 at 2). The parties state, "the amount of attorneys' fees was negotiated apart from, and subsequent to, agreement on the amount of settlement funds to be paid to Plaintiffs. The amount of attorneys' fees set forth in the Settlement Agreement will fully satisfy Plaintiffs' attorneys' fees obligations." (Doc. 22 at 7).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff. (*See* Doc. 22 at 3). The Undersigned finds,

6

therefore, that the proposed settlement of Plaintiff's attorney's fees and costs is reasonable and fair.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case would be fair and reasonable but for the unexplained reduction in the amount of liquidated damages to be paid to Plaintiff Kean for her unpaid minimum wage claim. Because the parties have not adequately addressed or explained that lone deficiency, the proposed settlement cannot be approved at this time under *Lynn's Food Stores*, 679 F.2d 1350 at 1355.

## CONCLUSION

The Undersigned finds that the parties' Joint Motion for Approval of Settlement Agreement (Doc. 22) and the Settlement Agreement (Doc. 22-1) cannot be approved as fair and reasonable. Accordingly, the Undersigned recommends that the settlement be rejected.

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1. The Joint Motion for Approval of Settlement Agreement (Doc. 22) be **DENIED WITHOUT PREJUDICE**; and

2. The parties be ordered to elect one of the following options by an appropriate deadline to be selected by the presiding District Judge:

    a. File an amended joint motion to approve a settlement agreement that adequately addresses all the issue identified herein; or

    b. File an appropriate notice indicating their intention to proceed with the litigation, in which case the Court should (i) order the Defendants to respond to the Complaint by a date certain and (ii) enter a standard FLSA Scheduling Order, if appropriate.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 19, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties