# EXHIBIT A

## SETTLEMENT AGREEMENT AND
## <u>FULL AND FINAL RELEASE OF CLAIMS</u>

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into as of this ___ day of July, 2019, and covers all understandings by and between JENNIE L. NELSON ("Nelson") and SARAH KEAN ("Kean")(hereinafter referred to as "Employees" a term which includes their successors, beneficiaries, personal representatives, and heirs), and PETRO GATE, INC., and BEHNAM BAGHERI, individually (hereinafter collectively referred to as "Defendants" which is a terms that includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, agents, legal representatives, insurers and heirs of each party). Employees and Defendants are hereinafter referred to collectively as the "Parties".

**WHEREAS**, this Agreement is intended by the Parties to be a full and final resolution, compromise, and settlement of any and all legal and/or equitable issues, disputes, actions or causes of action, between them arising directly or indirectly from the matters set forth in the case captioned <u>Jennie Nelson and Sarah Kean v. Petro Gate, Inc. et al.</u>, Case No. 2:19-cv-272-FtM-99MRM, currently pending in the United States District Court for the Middle District of Florida, Fort Myers Division (the "Litigation") from the beginning of time until the date of the execution of this Agreement; and

**WHEREAS**, it is the mutual desire of the Parties to fully and finally resolve any and all disputes between them with regard to the Litigation;

**NOW, THEREFORE**, in consideration of the above-stated premises, the mutual covenants and promises contained herein, and other valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

1. <u>Dismissal</u>. The Parties agree that Employees shall file a Joint Stipulation of Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) within five (5) calendar days after the approval of this Settlement Agreement by the Court, and the receipt of the settlement check(s) described in Paragraph 4 below have been received by Employees and their counsel, to the extent that the Court does not dismiss the action with prejudice upon approval of this Agreement. The Parties further agree that they will submit a Joint Motion seeking approval of this Settlement Agreement, and that they characterize the settlement as one that affords Employees appropriate relief, as required by the FLSA, given the facts and circumstances of this matter.

2. The Parties expressly agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by any party of any violation of any federal, state, or local statue or regulation, or any violation of any of a party's rights or of any duty owed by one party to the other.

3. The Parties agree to amicably resolve their dispute for the amount set forth in Paragraph 4 hereof paid by Defendants to Employees.

4. For and in consideration of the promises made by the Employees in this Agreement, the Defendants agree to pay to the total consideration of Eight Thousand Six Hundred Eighty-Seven and 39/100ths ($8,937.39), which includes reimbursement of the Employees' attorneys' fees and costs. The total sum of $8,687.39 will be paid as follows: (1) Defendants shall pay a total of One Thousand Three Hundred Fifty-Seven Dollars and 60/100 ($1,357.60) to Kean, payable as follows: one check in the amount of $803.80 to compensate for any unpaid wages, less any and all applicable deductions; and one check in the amount of $553.80 to compensate for alleged liquidated damages; (2) Defendants shall pay a total of Four Thousand Seventy-Nine and 79/100 ($4,079.79) to Nelson, payable as follows: one check in the amount of $2,039.90, less any and all applicable deductions, and one check in the amount of $2,039.89 to compensate for alleged liquidated damages; (3) Defendants shall also pay a total of Three Thousand Five Hundred Dollars ($3,500) to Morgan & Morgan, P.A. representing payment of Employees' attorneys' fees and costs.  Following the payments as aforementioned, Defendants shall have no further responsibility, nor shall they be liable to any person regarding the payment or division of such sum. Defendants are under no duty or obligation to make the aforesaid payment to Employees or their attorneys, and they are doing so solely as consideration for the Employees entering into this Agreement.

5. The payments described in Paragraph 4, above, shall be delivered to Employees' counsel, Chanelle J. Venutra, Esq., at Morgan & Morgan, P.A., 8151 N. Peters Road, Fourth Floor, Plantation, FL 33324.

6. Defendants shall issue a W-2 to Kean in the amount of $803.80, and a W-2 to Nelson in the amount of $2,039.90 representing payment for unpaid wages, and will issue a 1099 to Kean in the amount of $553.80, and a 1099 to Nelson in the amount of $2,039.89 representing payment for liquidated damages as "other income." Defendants shall also issue a 1099 to Morgan & Morgan, P.A. in the amount of $3,500.00 representing the amount of attorneys' fees and costs incurred by Employees in this matter. ***The Employees are specifically aware of, and agrees with, the amounts to be paid to counsel for representing their interests in this matter.***

In the event that an assessment for back employment taxes, penalties or interest on any payments made to Employees, Employees agree to pay any such assessment to the extent that the assessment is the result of Employees' failure to make appropriate tax payments, including any and all penalties and interest assessed against them, and to hold Defendants harmless from any and all claims, damages, expenses, attorneys' fees, causes of action or suits at law or equity as a result of Employees' non-payment of taxes on any amounts paid to them under the terms of this Agreement.

7.  Subject to the terms of this Agreement, and in consideration of the payments and mutual promises set forth herein and other valuable consideration, the Employees, on behalf of themselves and their successors, beneficiaries, personal representatives, and heirs, hereby fully RELEASES and FOREVER DISCHARGES the Defendants and their officers, directors, employees, agents, parent corporations or subsidiaries, affiliates or divisions, their successors, assigns, beneficiaries, agents, servants, legal representatives, insurers and the heirs of each party, from any and all rights, remedies, claims, actions, promises, causes of action, suits, attorney's fees, and/or demands, of any kind or description, accrued or contingent, liquidated or un-liquidated, known or unknown, foreseen or unforeseen, in law or in equity, which the Employees have or may have for or on behalf of themselves or their successors, beneficiaries, personal representatives, and heirs against the Defendants, or their officers, directors, employees, agents, parent corporations or subsidiaries, affiliates or divisions, their successors, assigns, beneficiaries, servants, legal representatives, insurers and the heirs, arising out of, relating to, connected with, and/or reflected in the Litigation, and/or the claims asserted with respect to the Litigation and/or any conduct or events arising or relating directly or indirectly from or to the same, including specifically but not limited to, any claims that they were not properly compensated for work performed, or that their time was not accurately recorded, or that they were otherwise owed any work-related expenses (collectively, the "Released Subject Matter"), from the beginning of time until the date of this Agreement, or which Employees may now or hereafter have against the Defendants (including the related persons and entities set forth above), or any of them, by reason of any matter, act, omission, cause, or event, whichever has occurred or which has been done, relating to, arising under, connected with, or reflected in the Released Subject Matter, up to the date of this Agreement; provided, however, this release shall not apply to any breach of this Agreement.

8.  In the event that Defendants or Employees commence an action for damages, injunctive relief, or to enforce the provision(s) of the Agreement, the prevailing party in any such action shall be entitled to an award of its/their reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

9.  This Agreement supersedes all prior agreements and understandings between Employees and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Employees and an authorized representatives of Defendants.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or

invalid party, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

11. The Parties hereby acknowledge, declare, represent, warrant and agree that:

   a. No promise, inducement, understanding or agreement not herein expressed has been made to, by or with the Parties hereto, and this Agreement contains the entire agreement between the Parties;

   b. This Agreement may be executed simultaneously in multiple counterparts, each of which shall be deemed an original, but all of which together shall constituted one and the same instrument and as if fully executed in Collier County, Florida;

   c. A copy of this Agreement shall have the same force and effect as an original signed document;

   d. The terms and provisions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective past and present agents, employees, heirs, successors, executors, administrators, representatives and/or partners and their respective predecessors, successors and/or assigns.

12. The Parties to this Agreement acknowledge that they have read the foregoing, that they have discussed it with their counsel, and that they understand it fully and completely. The Parties further acknowledge that they are executing this Agreement voluntarily and freely for the purposes intended. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

13. This Agreement shall be construed in accordance with the laws of the State of Florida.

14. If one or more of the provisions of this Agreement shall, for any reason, be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect or impair any other term or provision hereof, but this Agreement shall be construed as if such invalidity, illegality or unenforceability had not been contained herein.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the day and year set forth above.

**BY EMPLOYEES:**

JENNIE L. NELSON:

Signature: _____

Printed Name: _____

Date: _____

SARAH KEAN:

Signature: _S. Kean_

Printed Name: _Sarah Kean_

Date: _07·24·2019_

**BY DEFENDANTS:**

PETRO GATE, INC.;

Signature: _B. Bagh_

Printed Name: _Ben Bagheri_

Its: _President_

Date: _7-19-19_

BEHNAM BAGHERI:

Signature: _B. Bagh_

Printed Name: _Ben Bagheri_

Its: _____

Date: _7-19-19_

5

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the day and year set forth above.

**BY EMPLOYEES:**

**JENNIE L. NELSON:**

Signature: *Jennie L. Nelson*

Printed Name: Jennie L. Nelson

Date: 7/23/19

**SARAH KEAN:**

Signature: _____

Printed Name: _____

Date: _____

**BY DEFENDANTS:**

**PETRO GATE, INC.:**

Signature: *B. Bagheri*

Printed Name: Ben Bagheri

Its: President

Date: 7-19-19

**BEHNAM BAGHERI:**

Signature: *B. Bagheri*

Printed Name: Ben Bagheri

Its: _____

Date: 7-19-19

5