UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIE NELSON and SARAH KEAN,

    Plaintiffs,

v.                                                      Case No.:   2:19-cv-272-FtM-38MRM

PETRO GATE, INC. and BEHNAM
BAGHERI,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Amended Joint Motion for Approval of Settlement Agreement, filed on August 25, 2019.  (Doc. 24).  Plaintiffs, Sarah Kean and Jennie Nelson, and Defendants, Petro Gate, Inc. and Behnam Bagheri, jointly request that the Court approve the terms of their proposed settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case.  The proposed Settlement Agreement is fully executed and attached as Exhibit A to the parties' motion. (Doc. 24-1).  The parties previously sought approval of the proposed settlement, but the presiding United States District Judge adopted the Undersigned's recommendation that the settlement be rejected because the parties had not explained why Plaintiff Kean should not receive liquidated damages for her minimum wage claim under the proposed settlement.  (*See* Docs. 22, 23, 25).  After a careful review of the parties' amended

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided for convenience.  Hyperlinks to documents in CM/ECF are subject to PACER fees.  The Court does not endorse, recommend, approve, or guarantee any third parties, services, or products associated with hyperlinked websites.  The Court has no agreement with any of these third parties.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  The failure of any hyperlink does not affect the Court's order, opinion, or report and recommendation.

renewed submissions and the court file, the Undersigned respectfully recommends approval of the proposed settlement.

## BACKGROUND

In the amended motion *sub judice*, the parties succinctly explain that this case involves a bona fide dispute under the FLSA because:

> The Plaintiffs alleged that they were paid through a payroll company for all work performed up to forty (40) hours per week, and they were provided a separate check compensating them at a straight time rate for all hours over forty (40) in certain work weeks. Petro Gate disputes that the additional compensation paid to Plaintiffs was pay for hours worked at a straight time rate and has evidence that Plaintiffs may not have worked all hours for which they are claiming overtime pay. Additionally, this matter involves a bona fide dispute regarding whether and to what extent Ms. Kean is entitled to payment for hours that she alleges that she worked in her final pay period for which she was never paid. Specifically, Defendants allege that Ms. Kean was terminated prior to the time that she alleges that she was not paid, and that the reason for her termination was her decision to close the store earlier than its scheduled closing time, which would result in fewer hours worked. Defendants allege that Kean's final week of work was the week ending December 16, 2019, and that she did not perform any work beyond that date. Defendants have no time records that demonstrate that Kean performed work after December 16, 2019. Ms. Kean alleges that Defendants' Manager—Anthony (last name unknown)—knew she was working after December 16, 2018. However, Defendants denied that Anthony had such knowledge and argue that even assuming arguendo that Ms. Kean performed work after the date that she was terminated, it was without Defendants', or Defendants' management's knowledge.

(Doc. 24 at 1-2). The parties' explanation of the Plaintiffs' claims is consistent with the allegations in the Complaint. (*See* Doc. 1).

On August 14, 2019, the parties filed a Joint Motion Approval of Settlement Agreement. (Doc. 22). The parties settled this matter before the Defendant filed an Answer, before the Court

2

entered the standard FLSA Scheduling Order, and before Plaintiffs were required to respond to court interrogatories concerning the bases for their claims. (*See* Docs. 18, 19).

On August 19, 2019, the Court entered a Report and Recommendation recommending that the Joint Motion Approval of Settlement Agreement be denied without prejudice. (Doc. 23). The Undersigned found the proposed settlement in this case would have been fair and reasonable but for an unexplained reduction in the amount of liquidated damages to be paid to Plaintiff Kean in connection with her unpaid minimum wage claim. The Undersigned recommended, therefore, that the parties be required to elect one of the following options by an appropriate deadline to be selected by the presiding District Judge: (1) File an amended joint motion to approve a settlement agreement that adequately addresses all the issues identified in the Report and Recommendation; or (2) File an appropriate notice indicating their intention to proceed with the litigation, in which case the Undersigned recommended that the Court (i) order the Defendants to respond to the Complaint by a date certain and (ii) enter a standard FLSA Scheduling Order, if appropriate. (Doc. *Id.* at 7). The presiding District Judge adopted the Undersigned's Report and Recommendation on September 4, 2019. (Doc. 25).

On August 25, 2019 the parties filed the Amended Joint Motion for Approval of Settlement Agreement. (Doc. 24). In the Amended Joint Motion for Approval of Settlement Agreement, the parties "address, in further detail, the reasons why Plaintiff Kean is receiving less than full liquidated damages on her minimum wage claim." (*Id.* at 6).

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed settlement must be presented to the district court to determine whether the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages.  *Id.* at 1354.  The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Court turns to the provisions of the proposed Settlement Agreement in light of the additional information that the parties have now provided.  (Doc. 24-1).

## ANALYSIS OF THE PROPOSED SETTLEMENT

*Monetary Terms*

Under the proposed Settlement Agreement, Plaintiff Nelson will receive a total settlement payment in the amount of $4,079.79, comprised of $2,039.89 in alleged back wages and an equal amount of $2,039.89 in liquidated damages.  (Doc. 24 at 5; Doc. 24-1 at 2).  The parties assert

4

that this payment "represents full relief to Ms. Nelson on her overtime claim." (Doc. 24 at 5). The Undersigned accepts the parties' and counsel's explanation that this payment represents full relief to Plaintiff Nelson on her overtime claim under the FLSA. The Undersigned finds, therefore, that the monetary terms of the proposed settlement relating to Plaintiff Nelson are fair and reasonable.

Also under the proposed Settlement Agreement, Plaintiff Kean will receive a total settlement in the amount of $1,357.60, comprised of $803.80 in alleged back wages and a lesser amount of $553.80 for her alleged liquidated damages. (Doc. 24 at 5; Doc. 24-1 at 2). After reviewing the Amended Joint Motion for Approval of Settlement Agreement the Undersigned finds that the discrepancy between the amount of back wages and the amount of liquidated damages to be paid to Plaintiff Kean is fair and reasonable despite the parties' negotiated reduction of the liquidated damages to be paid to Plaintiff Kean for the reasons below.

Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." (Emphasis added). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Thus, when a settlement occurs in a FLSA case, the Court must review the amount of unpaid wages paid and the amount of liquidated damages paid, if any, for reasonableness and fairness. If liquidated

damages are not included, then the Court must be informed of and review the proffered reasons why.

The parties agree "the settlement reached between the Parties with regard to the Plaintiffs' overtime claims represents full payment for all overtime wages owed and full liquidated damages." (Doc. 24 at 7). The parties jointly state, "the $250.00 that Kean is receiving in order to satisfy the her minimum wage claim is a reasonable compromise of issues that are actually in dispute." (*Id.*). Plaintiff asserts she is owed approximately $483.00 for work she performed during her final pay period. (*Id.* at 3). Defendants attest Kean was terminated during the previous pay period and performed no work during the period she alleges she was not paid. (*Id.*). In other words, Defendants had a good faith belief that their failure to pay these wages was not a violation of the FLSA. The Undersigned accepts this representation and concludes that Defendants had a good faith reason for failing to pay the disputed wages. The Undersigned also accepts the parties' further representation that the complexity, expense, and length of future litigation militate in favor of approving this settlement as the parties' request. (*See* Doc. 24-1 at 4). In reaching these conclusions, the Undersigned places great weight on the fact that Plaintiff is represented by competent counsel who is fully apprised of the relative weakness of Plaintiff Kean's minimum wage claim and the likelihood of whether that claim would be successful on the merits. (*See Id.*). The Undersigned finds, therefore, that Defendants have shown that they acted in good faith as it relates to Plaintiff Kean's minimum wage and that liquidated damages on that claim may be denied or reduced as part of the parties' global settlement of the case without rendering the settlement unfair or unreasonable. *See Morgan*, 551 F.3d at 1282.

In light of all of these considerations, the Undersigned finds that the proposed monetary terms of the settlement are, in fact, fair and reasonable.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendant pay Plaintiff's attorney's fees and costs in the amount of $3,500.  (Doc. 24. at 5); (Doc. 24-1 at 2).  The parties state, "the amount of attorneys' fees was negotiated apart from, and subsequent to, agreement on the amount of settlement funds to be paid to Plaintiffs.  The amount of attorneys' fees set forth in the Settlement Agreement will fully satisfy Plaintiffs' attorneys' fees obligations."  (Doc. 24 at 5).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached, and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff.  (*See* Doc. 24 at 5).

The Undersigned finds, therefore, that the proposed settlement of Plaintiff's attorney's fees and costs is reasonable and fair. Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable and should be approved by the Court.

## CONCLUSION

The Undersigned finds that the parties' Amended Joint Motion for Approval of Settlement Agreement (Doc. 24) and the Settlement Agreement (Doc. 24-1) are fair and reasonable.  Accordingly, the Undersigned recommends that the settlement be approved.

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1. The Amended Joint Motion for Approval of Settlement Agreement (Doc. 24) be **GRANTED**; and

2. If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 6, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties